The PEOPLE of the State of Colorado, Complainant,

v.

Donald Arthur BRENNER, Attorney–Respondent.

No. 92SA474.

Supreme Court of Colorado, En Banc.

May 24, 1993.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

E. Michael Canges, Denver, for respondent.

PER CURIAM.

A hearing board in this attorney discipline case recommended that the respondent be suspended from the practice of law for six months and be assessed costs. The

---

respondent has not excepted in this court to the hearing board's report. A hearing panel of the Supreme Court Grievance Committee unanimously approved the board's findings of fact, but modified the recommendation to a suspension for one year and one day "after concluding that a six-month suspension was insufficient in light of Respondent's prior discipline." We accept the panel's recommendation.

## I

The respondent was admitted to the bar of this court on October 16, 1974, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). Based upon the testimony of the witnesses, including that of the respondent himself, and after considering the exhibits introduced into evidence, the hearing board concluded that the following facts had been established by clear and convincing evidence.

On March 13, 1991, Khoa Van Ho retained the respondent to represent him in a criminal proceeding. Ho had been charged with felony menacing and child abuse and trial was set for June 10, 1991. Ho's family paid the respondent a fee in the amount of $4,000. Ho had previously been convicted of robbery in Georgia and was on probation and parole. Georgia placed a probation hold on Ho after his arrest in Denver in 1991, and Ho remained in jail while awaiting trial.

In the three-month period before the scheduled trial date, the respondent visited Ho at the Denver County Jail only once. Although Ho is a Vietnamese national with a limited command of English, the respondent did not seek the services of an interpreter at the time of the visit. Without advising Ho that he would be personally unavailable, the respondent sent another lawyer to represent Ho at the preliminary hearing. On the date set for trial, the deputy district attorney requested and was granted a continuance. The trial was reset for September 3, 1991. Ho was upset that the trial was being continued and conferred in an animated fashion with the respondent in the courtroom.

The respondent filed a motion to withdraw from the Ho case on July 18, 1991. The motion alleged that Ho deliberately disregarded his fee agreement with the respondent, that Ho failed to cooperate with counsel, and that he berated and blamed respondent for the continuance. The district court denied the motion to withdraw.

Between June 10 and September 3, 1991, the respondent did not visit Ho at the Denver County Jail. Four days before the trial was scheduled to begin, the deputy district attorney telephoned the respondent and offered to dismiss the felony menacing charge in exchange for a plea of guilty to the misdemeanor child abuse count. Prior to this offer, the deputy district attorney had not been contacted by the respondent personally concerning a possible disposition of Ho's criminal case. Immediately after the telephone call, the respondent left for vacation and made no attempt to communicate the offer to Ho. The respondent did not have authorization from his client to accept a disposition involving a guilty plea.

Just before the trial was to begin on September 3, 1991, the respondent told Ho about the deputy district attorney's offer. Ho refused to accept the offer and maintained his innocence. Following a heated discussion between the respondent and his client in the courtroom, the district judge asked them to continue the discussion in the court's holding facility. Before going to the holding facility, the respondent told the judge that he had been unable to visit his client earlier that morning in the holding facility because the sheriffs would not permit the visit. The respondent later admitted that it was the crowded conditions in the holding facility that had actually prevented the visit.

In the holding facility, Ho refused at first to speak with the respondent, but finally agreed to do so. The respondent and his client went into one of the small conference rooms where the respondent continued to insist that Ho accept the offer. Ho reiterated that he was innocent and that he did not want to plead guilty. The

respondent became verbally abusive and threatening to his client. The Denver County Sheriff's officers heard swearing in English and the respondent has admitted shouting profanity at Ho. Upon hearing shouting and other loud noises coming from inside the conference room, the officers rushed into the room. The respondent was standing over Ho with his hand on Ho's shoulder. Ho's legs were shackled and he was crouching and attempting to withdraw from the respondent.

When the respondent and his client subsequently appeared before the district judge, Ho accused the respondent of assaulting him in the holding cell and he requested another attorney. The respondent renewed his motion to withdraw, asserting that it was his belief that the there was a strong likelihood that the prosecution could prove its case against Ho and that it was in his client's best interests to accept the offer. The district judge granted the motion to withdraw, finding an obvious conflict of interest, and appointed a deputy public defender to represent Ho.[1]

Although the respondent contended that he never physically touched Ho in the holding cell conference room, the hearing board found the respondent's testimony on this point was not credible. As the board concluded, the respondent's abusive treatment of his client was conduct adversely reflecting on the respondent's fitness to practice law, contrary to DR 1–102(A)(6). Moreover, it was the respondent's behavior toward Ho that precipitated the conflict on the day that Ho was scheduled to go to trial, forcing the newly appointed public defender to seek a continuance in order to have adequate time to prepare. Thus, the respondent's conduct also violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice).

## II

The respondent does not dispute in this court the hearing board's finding of facts

or the board's recommendation that a six-month suspension is warranted. The sole question before us is the appropriate length of suspension. The hearing board found the presence of significant aggravating factors.

The board first determined that the respondent's representations concerning what transpired between Ho and the respondent were not credible. The board found that the respondent falsely stated that he did not touch Ho in the conference room. Second, the respondent told the board that he saw Ho once at the county jail, and that he went to the jail a second time to visit Ho and that Ho refused to see him. Ho denied the second visit. The respondent's own time records do not reflect a second visit, and the board found it unlikely that Ho would refuse to see the lawyer who had already been paid $4,000 to represent him. The submission of false evidence to the board is an aggravating factor. ABA *Standards* 9.22(f).

In addition, the respondent acted out of selfish and dishonest motives when he tried to force Ho to accept a plea bargain which would allow the respondent to avoid proceeding to trial in a matter in which the respondent was unprepared. *Id.* at 9.22(b). Ho's inability to communicate well in English as well as his incarceration while awaiting trial made him a particularly vulnerable victim. *Id.* at 9.22(h). Additional aggravating factors found by the board include a pattern of misconduct, *id.* at 9.22(c); multiple offenses, *id.* at 9.22(d); a refusal to acknowledge the wrongful nature of conduct, *id.* at 9.22(g); and substantial experience in the practice of law, *id.* at 9.22(i).

The most significant aggravating factor, however, is the respondent's lengthy history of discipline. *Id.* at 9.22(a). He has previously received five letters of admonition, a private censure, and he has been suspended for thirty days, *see People v. Brenner*, 764 P.2d 1178 (Colo.1988). The

---

1. The deputy public defender negotiated a disposition whereby Ho pleaded guilty to criminal tampering, a class 2 misdemeanor, received

credit for time served, and was released. He had been automatically discharged from probation in Georgia on September 6, 1991.

private censure as well as two of the letters of admonition were received after the suspension. The hearing board did not explicitly find any mitigating factors.[2] Given the respondent's continuing refusal to acknowledge that he did anything wrong in the Ho case, we believe that it is unlikely that a six-month suspension will accomplish any more than did the previous thirty-day suspension in 1988. We conclude that suspension for one year and one day, with the requirement that the respondent prove by clear and convincing evidence that he has been rehabilitated before he may be reinstated, C.R.C.P. 241.22(b), is appropriate. We therefore accept the hearing panel's modification of the recommended period of suspension.[3]

### III

Accordingly, it is hereby ordered that Donald Arthur Brenner be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that Brenner pay the costs of this proceeding in the amount of $828.72 within sixty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202. Brenner shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)–(d).

---

2. The respondent urges us to "take judicial notice of [his] character and reputation as an active, productive and assisting member of the bar." This we decline to do. The hearing board made no such finding and the respondent has not excepted to the findings of fact and recommendation of the hearing board. The respondent elected not to prepare a complete record of the proceedings before the board and in the absence of such a record we will not supplement the board's findings. *See People v. Phelps,* 837 P.2d 755, 755 n. 1 (Colo.1992).

For the same reason, we reject the respondent's suggestion that we consider whether the respondent has made restitution to Ho as a factor in mitigation. The issue of restitution was not addressed by the board by the agreement of counsel.

3. We also find that the hearing panel's action complied with C.R.C.P. 241.15(b) when it modified the hearing board's recommendation of discipline "after concluding that a six-month suspension was insufficient in light of Respondent's prior discipline."