The PEOPLE of the State of Colorado, Complainant,

v.

Thomas T. JAMROZEK, Attorney–Respondent.

No. 96SA172.

Supreme Court of Colorado, En Banc.

July 29, 1996.

Linda Donnelly, Disciplinary Counsel, Kenneth B. Pennywell, Assistant Disciplinary Counsel, Denver, for Complainant.

No Appearance by or on behalf of Attorney–Respondent.

PER CURIAM.

The respondent in this lawyer discipline proceeding was disbarred on April 8, 1996. *People v. Jamrozek*, 914 P.2d 350 (Colo.1996). Following the respondent's disbarment, this separate disciplinary proceeding was submitted to the court. A hearing panel of the supreme court grievance committee approved the findings and recommendation of the hearing board that the respondent be disbarred, pay restitution prior to any application for readmission, and be assessed the costs of the proceeding. The respondent defaulted before the grievance committee and has not appeared in this court. We approve the findings of the panel and board, and order that the respondent pay restitution prior to any application for readmission as set forth in the board's report, and pay the costs of the proceeding. We do not impose additional discipline since the respondent has already been disbarred for prior misconduct, although we agree that the respondent's violations of professional standards in this case independently support the panel's recommendation of disbarment.

I.

The respondent was admitted to practice law in Colorado in 1986. Even though now disbarred, he remains subject to the jurisdiction of this court and its grievance committee for his failure to comply with the Code of Professional Responsibility and the

Rules of Professional Conduct while he practiced law. *People v. Koransky,* 830 P.2d 490, 491 (Colo.1992); C.R.C.P. 241.1(b). Two formal complaints filed by the assistant disciplinary counsel were consolidated. The respondent did not appear and did not answer the complaints, so an order of default was entered and the allegations of fact in the complaints were deemed admitted. *People v. Barr,* 855 P.2d 1386, 1386 (Colo.1993); C.R.C.P. 241.13(b). Based on the respondent's default, and evidence tendered by the assistant disciplinary counsel, the hearing board found that the following was established by clear and convincing evidence.

### A.

The respondent represented Patricia Valentine Payne in a claim involving the intrauterine device (IUD), the Dalkon Shield. The respondent was at least negligent in failing to submit documentation to the Dalkon Shield Claimants Trust that his client had suffered an imbedded IUD. The respondent received a settlement check in May 1993, to settle Payne's class action claim. Before he would turn over his client's funds, however, the respondent demanded an additional $6,500 in fees over and above what he was entitled to under the applicable contingent fee agreement. Frightened and intimidated, Payne signed a release on May 6, 1993, giving the respondent $6,500 more in attorney fees than he was due under their agreement.

Payne filed a malpractice action against the respondent, and on October 4, 1994, the court entered summary judgment against the respondent because of his failure to submit Payne's imbedded IUD claim to the trust fund. The court awarded Payne $30,000 in damages for the respondent's negligence. Another judgment was entered against the respondent for breaching his attorney fee agreement with his client, after the court concluded that Payne signed the release agreement under duress because of the respondent's coercion and threats.

The damages the respondent caused Payne are: (1) $30,000 plus interest for neglect, and (2) $6,500 plus interest for charging and collecting an excessive fee. The respondent has not satisfied either of the judgments against him.

The board found that the respondent's conduct, which occurred before and after January 1, 1993, the effective date of the Rules of Professional Conduct, violated DR 6-101(A)(3) and R.P.C. 1.3 (a lawyer shall not neglect a legal matter entrusted to the lawyer); R.P.C. 1.5(a) (a lawyer's fee shall be reasonable); R.P.C. 1.15(b) (a lawyer shall promptly deliver to the client funds that the client is entitled to receive); R.P.C. 8.4(c) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and R.P.C. 8.4(g) (it is professional misconduct for a lawyer to engage in conduct which violates accepted standards of legal ethics).

### B.

On August 18, 1993, Bobby Rath retained the respondent to represent him in a criminal case in which he had been charged with twelve counts of sexual contact with two girls. Rath paid the respondent a $2,500 advance fee and he agreed to also pay a $10,000 flat fee for a disposition short of trial, and another $10,000 if the case went to trial.

Prior to the preliminary hearing, the respondent told Rath and his wife, Sherri L. Rath, that the district attorney had agreed to stipulate to no jail time if Rath pleaded guilty to a class 4 felony. According to the Raths, however, the respondent advised them that the prosecution had no case and that was why the offer was made. He further advised them that there would be no trial and that there was no possibility that Rath would go to jail. Based on these assurances, the Raths declined to accept the prosecution's offer.

Although the respondent initially hired an investigator for the case, the investigator quit because the respondent failed to cooperate or communicate with her. Respondent did not hire a replacement investigator.

Trial was originally set for March 1994, but the respondent obtained a continuance until August 1994. From March to August, however, the Raths were unable to contact

the respondent because his phone was disconnected or he could not be located at his office. The respondent did go to the Raths' home in July 1994, and once again advised them to reject the plea offer which he said was still available, and they did.

Prior to trial, the respondent did not prepare the witnesses to testify and he did not interview potential witnesses. At the trial in August, Rath was found guilty on six of eight counts, including the most serious pattern of conduct charges, and he was sentenced to serve nineteen years in the Department of Corrections.[1]

After Rath was sentenced and incarcerated, the respondent or his paralegal made numerous attempts between September 1994 and July 1995, in person and by telephone, at Ms. Rath's work and home, to collect the balance of the respondent's fee. When the respondent came to her house, Ms. Rath indicates that his demeanor was threatening and that she was frightened. During that period, more than $2,000 in attorney fees was collected, resulting in a total amount paid of $19,400.

The foregoing conduct violated R.P.C. 1.4(b) (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); R.P.C. 1.5(a) (a lawyer's fee shall be reasonable); R.P.C. 8.4(d) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice); and R.P.C. 8.4(h) (it is professional misconduct for a lawyer to engage in any conduct that adversely reflects on the lawyer's fitness to practice law).

### C.

On February 7, 1994, a plaintiff filed an action against Joseph Gonzales. The plaintiff amended his complaint to add Gonzales' wife, Paula Gonzales, and her daughter, Lisa Gonzales, as defendants. They were served on April 7, 1994. A week later, Paula Gonzales and her daughter met with the respondent and retained him with the un-derstanding that he would take his fees from a settlement in another matter involving Paula Gonzales' son. The respondent telephoned the plaintiff's lawyer, told him that he had filed the answer in the wrong court, and asked for an additional ten days to file an answer in district court. The plaintiff's lawyer agreed, but the respondent did not file an answer in the next ten days.

As a result, the lawyer filed a motion for entry of a default judgment, and sent copies of the motion to Paula Gonzales and Lisa Gonzales because he had not heard from the respondent. Paula Gonzales immediately contacted the respondent. He demanded that she pay him $540 as a filing fee and attorney fee, which she did on May 31, 1994, and the respondent promised to handle the case. He filed an entry of appearance and a motion to file an answer out of time, asserting that he had only just been hired because of financial reasons. The respondent's motion was denied on July 5, 1994, and a default was entered. The respondent failed to tell his clients of the default.

A hearing on the issue of damages was set for September 16, 1994. The respondent's clients were not informed of the hearing date. The respondent failed to appear at the hearing, and on November 9, 1994, judgment was entered against Paula Gonzales in the amount of $5,534.77 in compensatory damages, and $5,534.77 in exemplary damages, together with interest and costs. Judgment was entered against Lisa Gonzales in the amount of $2,297.84 in compensatory damages, and $2,297.84 in exemplary damages, together with interest and costs.

Paula Gonzales first learned of the judgment against her on March 22, 1995, when she was served with a notice of garnishment. The respondent's telephone had been disconnected, and his office was closed, when Paula Gonzales tried to reach him.

The respondent's conduct violated R.P.C. 1.3 (a lawyer shall not neglect a legal matter entrusted to that lawyer); R.P.C. 1.4(a) (a lawyer shall keep a client reasonably in-

---

1. The facts found with respect to this count involving the criminal conviction of respondent's client, as with the other counts, are based on the complaint filed by the assistant disciplinary counsel and the respondent's default. They bind the respondent and are therefore established only for purposes of this disciplinary proceeding.

formed about the status of a matter); R.P.C. 1.16(d) (upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests); R.P.C. 8.4(c) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and R.P.C. 8.4(d) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

## II.

The respondent's license to practice law has already been revoked. Nevertheless, we accept the hearing board's and panel's recommendations that the respondent be required to comply with certain conditions of restitution. Accordingly, it is hereby ordered that prior to any petition for readmission, and as a condition for readmission, the respondent must demonstrate that he has made full restitution to Patricia Valentine Payne in the amount of $36,500 plus interest from the date of judgment; and to Paula Gonzales in the amount of $540 plus interest from May 31, 1994. It is further ordered that, within thirty days after the announcement of this opinion, Jamrozek pay the costs of this proceeding in the amount of $390.09 to the Supreme Court Grievance Committee, 600 17th Street, Suite 920–S, Denver, Colorado 80202.

SCOTT, J., does not participate.