**The PEOPLE of the State of Colorado, Complainant,**

v.

**Jerry R. CLOUGH, Respondent.**

**Nos. 02PDJ065, 02PDJ103.**

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Aug. 13, 2003.

Clough, attorney registration number 25994 from the practice of law following a sanctions hearing in this consolidated default proceeding. Respondent violated Colo. RPC 4.3 by providing legal advice to an unrepresented person and Colo. RPC 4.4 by engaging in abusive conduct toward the same person in a courthouse. In his representation of one client, respondent violated Colo. RPC 8.4(c) by failing to return the fees due the client. Additionally, respondent violated Colo. RPC 8.4(d) and Colo. RPC 3.5(c) by failing to appear at trial, Colo. RPC 8.4(b) and C.R.C.P. 251.5(b) by engaging in disorderly conduct in a courthouse. Respondent violated Colo. RPC 1.3 by failing to appear at the client's trial, failing to investigate the client's legal matter and failing to file a civil suit on her behalf. Respondent violated Colo. RPC 1.4(a) by failing to communicate with the client; Colo. RPC 1.16(d) by failing to return the client's funds upon request; Colo. RPC 1.5(a) by charging an unreasonable fee and Colo. RPC 5.5(a) by rendering legal advice when under administrative suspension. Respondent was ordered to pay the costs of the disciplinary proceeding.

---

Opinion by Presiding Disciplinary Judge ("PDJ") ROGER L. KEITHLEY, and Hearing Board Members MARK D. SULLIVAN and E. STEVEN EZELL, both members of the bar.

### REPORT, DECISION AND IMPOSITION OF SANCTION

*SANCTION IMPOSED: ATTORNEY DISBARRED*

#### I. BACKGROUND

The People filed a Complaint in Case No. 02PDJ065 against Jerry R. Clough ("Clough") on August 22, 2002. The Citation and Complaint were sent via regular and certified mail to the respondent on the same date to Clough's registered business address which is also Clough's registered home ad-

Attorney Registration. The Hearing Board disbarred Respondent Jerry R.

dress. On September 3, 2002, the People filed a Proof of Service with the PDJ. Service was therefore proper pursuant to C.R.C.P. 251.32(b). Clough failed to file an Answer or otherwise respond to the Complaint.

Upon the People's Motion, on October 31, 2002, the PDJ granted default as to the facts set forth in the Complaint in claims one through four, which were deemed admitted. The PDJ granted in part and denied in part the entry of default as to claim five: the court denied default as to the alleged violation of § 18–9–111(1)(h), 6 C.R.S. (2001), and granted default as to the alleged violation of § 18–9–106(1)(c), 6 C.R.S. (2001), both statutes forming the basis for the alleged violation of Colo. RPC 8.4(b) and grounds for discipline pursuant to C.R.C.P. 251.5(b). The alleged violations of Colo. RPC 8.4(b) constituting grounds for discipline pursuant to C.R.C.P. 251.5(b) based on the alleged violation of § 18–9–111(1)(h), 6 C.R.S. were dismissed.

The People filed a second Complaint against Clough in Case No. 02PDJ103 on December 4, 2002. The Citation and Complaint were sent via regular and certified mail to Clough on the same day. The People filed a Proof of Service on December 30, 2002, indicating that Clough did not claim the envelope containing the Complaint and Citation sent via certified mail. The Citation and Complaint sent via regular mail were not returned to the People. Service was therefore proper pursuant to C.R.C.P. 251.32(b). Clough failed to file an Answer or otherwise respond to the Complaint in Case No. 02PDJ103.

Upon the People's Motion for Default, on February 19, 2003, the PDJ granted in part and denied in part the Motion; the court granted the motion as to claims one, two, three, five, and six, and denied the motion as to claims four—alleging a violation of Colo. RPC 8.4(c)—and seven—alleging a violation of Colo. RPC 8.4(h). As a result, the People filed an Amended Complaint on March 3, 2003, as well as a Motion to Dismiss claim seven which the PDJ granted on March 11, 2003. Thereafter, the People filed an Amended Complaint and served it on Clough. Clough failed to file an Answer or otherwise respond to the Amended Complaint. Upon the People's Motion, on April 23, 2003, the PDJ entered default on claims one through six of the Amended Complaint.

Cases 02PDJ065 and 02PDJ103 were consolidated upon the People's Motion by order of the PDJ dated February 19, 2003.

A Sanctions Hearing pursuant to C.R.C.P. 251.15(b) was held on July 23, 2003, before a Hearing Board consisting of the PDJ and two Hearing Board Members, Mark D. Sullivan and E. Steven Ezell, both members of the bar. Nancy L. Cohen, Deputy Attorney Regulation Counsel represented the People of the State of Colorado (the "People"). Jerry R. Clough did not appear in person or through counsel. At the sanctions hearing, exhibits 1 through 7 were offered by the People and admitted into evidence. The Hearing Board considered the People's argument, the facts established by the entry of default, the exhibits admitted, and made the following findings of fact which were established by clear and convincing evidence.

## II. FINDINGS OF FACT

Clough has taken and subscribed the oath of admission, was admitted to the bar of the Colorado Supreme Court on October 23, 1993, and is registered upon the official records of the Supreme Court, registration number 25994. Clough is presently suspended for failure to pay his registration fees. He is subject to the jurisdiction of this Court pursuant to C.R.C.P. 251.1(b).

All factual allegations set forth in the Complaint in Case No. 02PDJ065 and in the Amended Complaint in Case No. 02PDJ103 were deemed admitted by the entry of default and are therefore established by clear and convincing evidence. The Complaint and Amended Complaint are attached hereto as Exhibits A and B.

This consolidated matter reveals the following facts concerning Clough's representation of Elizabeth Gabriella ("Gabriella"). Gabriella contacted Clough to represent her with respect to a misdemeanor assault charge in Larimer County, Colorado. The parties entered into a written flat fee agreement in August or September 2001 and

formed an attorney-client relationship at that time. Pursuant to the fee agreement, Gabriella agreed to pay a total of $1,000 in legal fees for Clough's representation. At the time Gabriella contacted Clough, he was suspended from the practice of law for failing to pay his registration fees. Gabriella agreed to pay his registration fee together with any late charges to the Office of Attorney Registration. She paid a total amount of $790.00 to the Supreme Court to bring Clough's registration fees current.[1]

Gabriella's trial had originally been set to commence on October 15, 2001. On October 11, 2001, Clough filed two pretrial motions and a motion for continuance. The court granted the motion for continuance and the matter was reset for December 12, 2001. However, Clough failed to notify Gabriella of the new hearing date; consequently, Gabriella traveled to Colorado from Texas to attend the previously scheduled October hearing. On December 7, 2001, Clough again filed a motion for continuance with the court. The court did not rule on the motion prior to the December 12, 2001, hearing. On that date, Clough met with Gabriella and her mother in the courthouse. Clough left them to file a motion with the clerk and when he returned, Gabriella was talking to Misty Narum ("Narum"), a witness listed by the District Attorney's Office in Gabriella's matter.

Clough approached Gabriella and Narum and asked about Narum's identity. When she was identified, Clough confronted her and accused her in a very loud voice of drinking and being drunk. Clough also gave Narum advice. Narum was not represented by counsel. When a Deputy Sheriff began walking toward Clough, he left the courthouse and did not reappear in the courtroom for his client's trial. As a result, the court was constrained to continue the trial. Thereafter, Gabriella attempted to reach a resolution of the matter directly with the District Attorney's Office but was unable to do so because Clough failed to formally withdraw

from representation until February 2002. Gabriella eventually retained new counsel.

Gabriella requested that Clough return her file to her as well as the fees she had paid. Clough did not complete the services for which he had been hired and, accordingly, did not earn a portion of the fees he had been paid. Clough failed to return his client's papers and failed to return the unearned fee.

Clough also agreed to represent Gabriella in a civil suit for slander against Gabriella's sister. Although he did not know how realistic the slander suit would be, he agreed to represent her but failed to file any case on behalf of Gabriella.

### III. CONCLUSIONS OF LAW
#### Case No. 02PDJ065

In Case No. 02PDJ065, the entry of default established the following violations of the Colorado Rules of Professional Conduct: Colo. RPC 4.3 (in dealing on behalf of a client with a person who is not represented by counsel, an attorney shall not give advice to the unrepresented person other than to secure counsel) in claim one; Colo. RPC 4.4(in representing a client, an attorney shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person) in claim two; Colo. RPC 8.4(d) (it is professional misconduct for an attorney to engage in conduct prejudicial to the administration of justice) in claim three; Colo. RPC 3.5(c) (an attorney shall not engage in conduct intended to disrupt a tribunal) in claim four; Colo. RPC 8.4(b) (it is professional misconduct for an attorney to commit a criminal act that reflects adversely on the attorney's honesty, trustworthiness or fitness as an attorney in other respects) as to a violation of 18–9–106(1)(c), 6 C.R.S. (2001) constituting grounds for discipline pursuant to C.R.C.P. 251.5(b) in claim five.[2]

Clough violated Colo. RPC 4.3 by providing legal advice to Narum, an unrepresented person, and by failing to advise the

---

1. The Hearing Board viewed the payment of the $790 as additional injury to the client. In addition, the Attorney's Fund for Client Protection reimbursed $790 to Gabriella pursuant to C.R.C.P. 251.14.

2. The default was denied as to Colo. RPC 8.4(b) and C.R.C.P. 251.5(b) with respect to violations of § 18–9–111(1)(h), 6 C.R.S. (2001).

person to seek independent counsel. *See In re Pautler,* 47 P.3d 1175, 1182 (Colo.2002) (lawyer violated Colo. RPC 4.3 by misleading a criminal defendant in not informing the criminal defendant that he was from the district attorney's office and by failing to advise the criminal defendant to obtain independent counsel). Clough engaged in abusive conduct toward Narum in the courthouse by using profanity, standing within a foot of her while yelling at her in a loud voice, and accusing her of drinking in violation of Colo. RPC 4.4. Clough's failing to appear at trial resulting in a delay in the proceeding constituted a violation of Colo. RPC 8.4(d) and Colo. RPC 3.5(c). *See In re Roose,* 69 P.3d 43, 46 (Colo.2003) (lawyer violated Colo. RPC 8.4(d) by engaging in conduct prejudicial to the administration of justice by leaving the courtroom during trial in violation of an express order not to do so). Clough's disorderly conduct in the courthouse with regard to Narum violated Colo. RPC 8.4(b) constituting grounds for discipline pursuant to C.R.C.P. 251.5(b).[3]

### Case No. 02PDJ103

In Case No. 02PDJ103, the entry of default established the following violations of the Colorado Rules of Professional Conduct: Colo. RPC 1.3 (an attorney shall not neglect a legal matter entrusted to that attorney); Colo. RPC 1.4(a) (an attorney shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); Colo. RPC 1.16(d)(an attorney shall, upon termination of representation, surrender papers and property to which the client is entitled, and refunding any advance payment of any fee not earned); Colo. RPC 8.4(c) (it is professional misconduct for an attorney to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); Colo. RPC 1.5(a) an attorney's fee shall be reasonable; and Colo. RPC 5.5(a) (an attorney shall not practice law in a jurisdiction where doing so violates the regulations of the legal profession in that jurisdiction).

■ Clough agreed to provide legal services, did not earn all of the fees which he had been paid, and did not complete the services for which he had been hired. Clough failed to return the remaining fees to the client. Clough exercised dominion or ownership over the funds held for the client's benefit. Through the unauthorized exercise of dominion or ownership over these funds, Clough knowingly converted or misappropriated the funds in violation of Colo. RPC 8.4(c). *See People v. Varallo,* 913 P.2d 1, 11 (Colo.1996) (sanction for knowing conversion is almost invariably disbarment). *See also People v. Wiedman,* 36 P.3d 785, 788 (Colo. PDJ 1999) (holding that a lawyer's knowing misappropriation of funds, whether belonging to a client or a third party, warrants disbarment except in the presence of extraordinary factors in mitigation).

■ Clough's failing to appear at the client's trial on December 12, 2001, failing to investigate her slander case and failing to file a civil suit arising in slander constituted neglect in violation of Colo. RPC 1.3. Clough's failing to explain to his client that the first hearing had been continued and failing to communicate with the client regarding his failure to appear at the trial constituted a violation of Colo. RPC 1.4(a). Clough failed to return Ms. Gabriella's file and unearned fees in violation of Colo. RPC 1.16(d). Clough's fee agreement with Gabriella provided that he would represent her for the criminal case for a flat fee of $1,000 and—notwithstanding that agreement—Clough demanded an additional $4,465 to proceed to trial. Based upon his prior agreement and the lack of any evidence justifying such a demand, Clough's demanded fee was unreasonable in violation of Colo. RPC 1.5(a). *See People v. Jamrozek,* 921 P.2d 725, 727 (Colo.1996)(attorney previously disbarred was found to have charged an excessive fee under a contingent fee contract by arbitrarily demanding an additional $6,500.00 of a frightened and intimidated client at the time of receipt of the settlement check).

**3.** § 18–9–106(1)(c), 6 C.R.S. (2001) provides: "[a] person commits disorderly conduct if he or she intentionally, knowingly, or recklessly: [m]akes unreasonable noise in a public place or near a private residence that he has no right to occupy."

Prior to the reinstatement from his administrative suspension from the practice of law, Clough discussed Gabriella's case with her and rendered legal advice, constituting the practice of law in violation of Colo. RPC 5.5(a). *See People v. Mannix,* 936 P.2d 1285, 1288 (Colo.1997) (continuing to practice law after being notified of suspension for failure to pay registration fee and engaging in other conduct including conduct involving dishonesty, fraud, deceit or misrepresentation, warrants disbarment).

## IV.  IMPOSITION OF SANCTION

Clough's knowing conversion of client funds is the most serious conduct giving rise to this consolidated proceeding. *Varallo,* 913 P.2d at 11 provides:

> Knowing misappropriation [for which the lawyer is almost invariably disbarred] "consists simply of a lawyer taking a client's money entrusted to him, knowing that it is the client's money and knowing that the client has not authorized the taking." *citing In re Noonan,* 102 N.J. 157, 160, 506 A.2d 722 (1986). Misappropriation includes "not only stealing, but also unauthorized temporary use for the lawyer's own purpose, whether or not he derives any personal gain or benefit therefrom." *citing In re Wilson,* 81 N.J. 451, 455 n. 1, 409 A.2d 1153 (1979). The motive of the lawyer is irrelevant in determining the appropriate discipline for knowing misappropriation. Moreover, "[i]ntent to deprive permanently a client of misappropriated funds, however, is not an element of knowing misappropriation." In re Barlow, 140 N.J. 191, 657 A.2d 1197, 1201 (1995).

Disbarment is generally appropriate when a lawyer knowingly converts the property of clients or a third party and causes injury or potential injury to those persons. ABA *Standards for Imposing Lawyer Sanctions* (1991 and Supp.1992) ("ABA Standards") § 4.11. The remaining cumulative misconduct, although serious and involving injury to his client and the judicial system, would suggest a lengthy period of suspension. *See* ABA *Standards* 4.11, 4.42, and 6.22. In this case, the additional findings of misconduct serve to reinforce the conclusion that disbarment is required. *People v. Holmes,* 921 P.2d 44 (Colo.1996)(noting that the pattern, breadth, and nature of the respondent's misconduct, together with his total disregard of the proceedings, warranted a one year and one day suspension).

The Hearing Board is required to consider mitigating and aggravating factors pursuant to ABA *Standards* 9.22 and 9.32. Since Clough did not appear, no mitigating factors were presented. However, the People acknowledged that Clough had no prior misconduct. *See* ABA *Standard* 9.32(a). In aggravation, Clough had a dishonest or selfish motive, *ABA Standard* 9.22(b); he committed multiple offenses, *see id.* at 9.22(d); Clough's client was vulnerable, *see id.* at 9.22(h), and Clough demonstrated indifference to making restitution, *see id.* at 9.22(j). The lack of prior discipline, in light of the aggravating factors present, does not rise to the level necessary to reduce the presumed sanction of disbarment. *People v. Lujan,* 890 P.2d 109, 110 (Colo.1995)(stating that the mitigation necessary to reduce the presumptive sanction of disbarment for knowing conversion to some lesser sanction has to be "extraordinary and tragic").

Based upon Clough's knowing conversion of client funds, taken together with the numerous other rule violations, and absent significant mitigating factors, disbarment is the warranted sanction.

## V.  ORDER

It is therefore ORDERED:

1.  JERRY R. CLOUGH, attorney registration 25994, is DISBARRED from the practice of law effective thirty one days from the date of this order.

2.  Clough is Ordered to pay the costs of these proceedings. The People shall submit a Statement of Costs within ten (10) days of the date of this Order. Jerry R. Clough shall have five (5) days thereafter to submit a response thereto.

3.  Clough is Ordered to pay restitution to the Client Protection Fund in the amount of $790.00. That amount is to be paid within thirty (30) days of the effective date of this order.

## EXHIBIT A

Nancy L. Cohen, # 11846, Chief Deputy Regulation Counsel, John S. Gleason, # 15011, Regulation Counsel, Attorneys for Complainant, 600 17th Street, Suite 200– South Denver, Colorado 80202

## COMPLAINT

THIS COMPLAINT is filed pursuant to the authority of C.R.C.P. 251.9 through 251.14, and it is alleged as follows:

### Jurisdiction

1. Jerry R. Clough (the respondent) has taken and subscribed the oath of admission, was admitted to the bar of this court on October 23, 1993, and is registered upon the official records of this court, registration no. 25994. He is subject to the jurisdiction of this court in these disciplinary proceedings. The respondent's registered business address is 915½ South 13th Street, Laramie, Wyoming 82070.

### General Allegations

2. In February 2001, Elizabeth Gabriella (Ms. Gabriella) was arrested and charged with misdemeanor assault in Larimer County, Colorado, arising from an incident involving Ms. Gabriella's sister, Harmony Korkow.

3. A criminal action was initiated, *People v. Elizabeth Gabriella,* case no. 02M200397 in Larimer County, Colorado. The Honorable John E. Kochenburger (Judge Kochenburger) is the presiding county court judge.

4. In addition, in May 2001, a permanent restraining order was issued by the Larimer County Court against Ms. Gabriella in case no. 02C200376. Thereafter, Ms. Gabriella moved to Texas.

5. Ms. Gabriella contacted the respondent to represent her in the criminal matter. The parties entered into a written fee agreement in or about August or September, 2001. An attorney-client relationship was formed.

6. Ms. Gabriella agreed to pay, pursuant to the fee agreement, a total of $1,000, as legal fees for the respondent's representation. At the time Ms. Gabriella contacted the respondent, he was suspended for failing to pay his registration fees. Ms. Gabriella agreed to pay the fee together with any late charges to the Office of Attorney Registration. The total amount paid was $790 and was part of the legal fee.

7. Prior to the December 12, 2001 hearing described below, Ms. Gabriella's communications with the respondent were by telephone. Ms. Gabriella personally met with the respondent for the first time on December 12, 2001.

8. Ms. Gabriella's criminal matter had been originally scheduled for trial commencing October 15, 2001. On October 9, 2001, the respondent filed a handwritten witness list of the witnesses he intended to call at the October 15 trial. However, the witness list submitted by the respondent did not identify specific addresses for the witnesses and did not provide the full names of all of the witnesses, as required by the Colorado Rules of Criminal Procedure.

9. On October 11, 2001, the respondent filed two pre-trial motions, and a motion for continuance. In his motion for continuance, he explained that he had not practiced law for over one year and had recently been retained by Ms. Gabriella.

10. The court granted the motion for continuance and the matter was reset for December 12, 2001. However, the respondent failed to notify Ms. Gabriella of the new hearing date. Ms. Gabriella traveled to Colorado from Texas to attend the October 11, 2001 hearing. Ms. Gabriella incurred travel expenses to attend the hearing, including the expenses of a witness who also traveled to Loveland, Colorado to testify on her behalf.

11. On December 7, 2001, the respondent filed a letter with the Larimer County District Attorney's Office requesting a continuance due to lack of discovery. In addition, the respondent filed a motion for continuance with the Larimer County Court. The court did not rule on the motion prior to the December 12, 2001 hearing.

12. On December 12, 2001, the day the trial was scheduled, the respondent filed a motion to suppress Ms. Gabriella's statement as obtained in violation of *Miranda* and in

violation of the prior common law voluntariness doctrine.

13. Prior to trial on December 12, 2001, the respondent was in the lobby of the courthouse where he was meeting with Ms. Gabriella and her mother. The respondent then went to file the suppression motion described above and when he returned, Ms. Gabriella was talking to Misty Narum (Ms. Narum), a witness listed by the district attorney's office. Everyone was still standing in the lobby of the courthouse.

14. The respondent walked up to the people in the lobby and asked who Ms. Narum was. Once Ms. Narum was identified, the respondent then confronted Ms. Narum and accused her, in a very loud voice, of drinking and being drunk. According to the respondent, he was loud because he wanted witnesses.

15. Ms. Narum became very concerned that law enforcement personnel would arrest her for a DUI. Ms. Narum was not represented by counsel. She asked the respondent what she should do. The respondent gave Ms. Narum legal advice about what she should say if asked by law enforcement personnel about drinking.

16. After the confrontation with Ms. Narum, the respondent went to the district attorney's office which is also located in the courthouse building, to find Kim Robbins (Ms. Robbins), the Deputy District Attorney assigned to prosecute the criminal matters against Ms. Gabriella.

17. The respondent went to the reception area of the district attorney's office, demanding and yelling that Ms. Robbins speak with him. The respondent was agitated and yelled something like "tell the DA your star witness reeks of alcohol and she is drunk."

18. The respondent then went back to the courthouse lobby where his client and Ms. Narum were standing. Even though the trial in Ms. Gabriella's case had not yet begun, the respondent quickly left the building from the lobby when one of the security guards started walking toward him.

19. Judge Kochenburger then called Ms. Gabriella's criminal matter. The respondent was not present in the courtroom or the courthouse.

20. While Judge Kochenburger was still addressing Ms. Gabriella's criminal matter, one of the administrative clerks brought him a fax which had been sent by the respondent from a Kinko's store approximately 11 miles north of Fort Collins. The fax stated:

Please deactivate and make my status inactive immediately upon receipt of this fax. This is handwritten for purposes of verifying my wish.

21. Judge Kochenburger continued Ms. Gabriella's criminal matter since her attorney was not present. Ms. Gabriella expended additional monies for her to attend the trial on December 12, 2001.

22. On December 13, 2001, the respondent faxed a letter to the Larimer County Court, entitled "Explanation of Counsel's Bizarre Behavior on December 12, 2001." A copy of that letter is attached and incorporated as Exhibit A.

23. In February 2002, the respondent filed a motion to withdraw from his representation of Ms. Gabriella, which was granted. Respondent's failure to withdraw for approximately two months after December 12, 2001, caused Ms. Gabriella problems. During that two-month period Ms. Robbins refused to talk to Ms. Gabriella because she was represented by counsel. Thereafter, Ms. Gabriella retained Rusty Nichols to represent her in the criminal matter.

24. As a result of the respondent's conduct toward Ms. Narum on December 12, 2001, a warrant was issued for the respondent's arrest. The charges are harassment of a witness (misdemeanor) and disorderly conduct (petty offense). On or about May 15, 2002, the respondent filed a motion with the Larimer County Court asking that the bench warrant be vacated. That motion was denied. The warrant remains outstanding. To date, the respondent has not turned himself in to law enforcement authorities although he is and was aware of the warrant.

## CLAIM I

### (Dealing with Unrepresented Person— Colo. RPC 4.3)

25. Paragraphs 2 through 24 are incorporated herein as if fully set forth.

26. Colo. RPC 4.3 provides in part that in dealing on behalf of a client with a person who is not represented by counsel ... the lawyer shall not give advice to the unrepresented person other than to secure counsel.

27. The respondent was representing Ms. Gabriella when he confronted Ms. Narum. The respondent knew that Ms. Narum was a witness subpoenaed by the prosecution to appear in Ms. Gabriella's case.

28. Ms. Narum was not represented by counsel. The respondent knew she was an unrepresented person.

29. After the respondent was introduced to Ms. Narum, he stated to her, "What the hell, have you been drinking." Ms. Narum was frightened and wanted to know whether "they" were going to arrest her for a DUI. The respondent advised Ms. Narum to either take the "Fifth" or to say that she arrived by bus. The respondent did not tell Ms. Narum to secure counsel.

30. Through his communications with Ms. Narum on December 12, 2001, the respondent gave advice to an unrepresented person, namely Ms. Narum.

31. The foregoing conduct of the respondent establishes grounds for discipline as provided in C.R.C.P. 251.5, and also violates Colo. RPC 4.3.

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM II

### (In Representing a Client, a Lawyer Shall Not Use Means that have no Substantial Purpose Other than to Embarrass, Delay or Burden a Third Person— Colo. RPC 4.4)

32. Paragraphs 2 through 24 are incorporated herein as if fully set forth.

33. Colo. RPC 4.4 provides that in representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay or burden a third person.

34. The respondent was representing Ms. Gabriella in her criminal matter on December 12, 2001. On that date the respondent engaged in abusive conduct toward Ms. Narum by using profanity, standing within a foot of her while yelling at her in a loud voice and accusing Ms. Narum of drinking.

35. As a result of the respondent's conduct, Ms. Narum was visably distraught and shaken by this episode. A victim advocate and law officer were summoned and Ms. Narum was taken to a secluded room.

36. The respondent's conduct as described above had no substantial purpose in respondent's representation of Ms. Gabriella. Instead, the respondent sought to embarrass and burden Ms. Narum.

37. The foregoing conduct of the respondent establishes grounds for discipline as provided in C.R.C.P. 251.5, and also violates Colo. RPC 4.4.

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM III

### (A Lawyer Shall Not Engage In Conduct That Is Prejudicial To The Administration Of Justice—Colo. RPC 8.4(d))

38. Paragraphs 2 through 24, are incorporated herein as if fully set forth.

39. Colo. RPC 8.4(d) provides that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

40. The respondent failed to appear at the trial scheduled in Ms. Gabriella's criminal matter. The respondent had the ability to appear, knew that he was required to appear, but nevertheless failed to appear.

41. By failing to appear at Ms. Gabriella's criminal matter, the respondent acted in contravention of the court's authority.

42. Such failure to attend Ms. Gabriella's trial in the criminal matter, interfered with

the procedures and the function of the court in Ms. Gabriella's case.

43. As a result of the respondent's conduct, the court was required to continue Ms. Gabriella's case because her attorney, the respondent, failed to appear at the trial.

44. The foregoing conduct of the respondent establishes grounds for discipline as provided in C.R.C.P. 251.5, and violates Colo. RPC 8.4(d).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM IV

### (A Lawyer Shall Not Engage in Conduct Intended to Disrupt a Tribunal—Colo. RPC 3.5(c))

45. Paragraphs 2 through 24 are incorporated herein as if fully set forth.

46. Colo. RPC 3.5(c) provides that a lawyer shall not engage in conduct intended to disrupt a tribunal.

47. The respondent engaged in conduct intended to disrupt a tribunal by the following: he had a verbal altercation with the district attorney's witness, Ms. Narum, in the courthouse lobby; after the confrontation the respondent bolted from the courthouse, even though he knew Ms. Gabriella's criminal matter had not yet been heard that day.

48. The respondent failed to appear at the trial scheduled in Ms. Gabriella's criminal matter. The respondent had the ability to appear, knew that he was required to appear, but nevertheless failed to appear.

49. The respondent's failure to appear as counsel for Ms. Gabriella in her criminal matter was intentional and forced Judge Kochenburger to continue the criminal case against Ms. Gabriella.

50. The foregoing conduct of the respondent establishes grounds for discipline as provided in C.R.C.P. 251.5, and also violates Colo. RPC 3.5(c).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM V

### (It is Professional Misconduct for a Lawyer to Commit a Criminal Act that Reflects Adversely on the Lawyer's Honesty, Trustworthiness, or Fitness as a Lawyer in Other Respects—Colo. RPC 8.4(b) and C.R.C.P. 251.5(b))

51. Paragraphs 2 through 24 and paragraphs 34 through 36 are incorporated herein as if fully set forth.

52. Colo. RPC 8.4(b) provides that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

53. C.R.C.P. 251.5(b) provides an attorney engages in misconduct by committing any act or omission which violates the criminal laws of the State of Colorado.

54. The respondent engaged in criminal conduct by harassing a witness, Ms. Narum, and engaging in disorderly conduct with Ms. Narum in the courthouse lobby. These criminal acts in violation of C.R.S. § 18–9–111(1)(h) and 18–9–106(1)(c) reflect adversely on the respondent's fitness in all other respects.

55. The foregoing conduct of the respondent establishes grounds for discipline as provided for in C.R.C.P. 251.5 and violates Colo. RPC 8.4(b) and violates C.R.C.P. 251.5(b).

WHEREFORE, the people pray that the respondent be found to have engaged in misconduct under C.R.C.P. 251.5 and the Colorado Rules of Professional Conduct as specified above; that the respondent be appropriately disciplined for such misconduct; that the respondent be required to pay Ms. Gabriella for expenses she incurred as a result of the trial being continued and that the respondent be assessed the costs of this proceeding.

### EXHIBIT B

### AMENDED COMPLAINT

THIS COMPLAINT is filed pursuant to the authority of C.R.C.P. 251.9 through 251.14, and it is alleged as follows:

### Jurisdiction

25. The respondent has taken and subscribed the oath of admission, was admitted to the bar of this court on October 23, 1995, and is registered upon the official records of this court, registration no. 25994. He is subject to the jurisdiction of this court in these disciplinary proceedings. The respondent's registered business address is 915½ South 13th Street, Laramie, Wyoming 82070.

### General Allegations

26. In February 2001, Elizabeth Gabriella (Ms. Gabriella) was arrested and charged with misdemeanor assault in Larimer County, Colorado, arising from an incident involving Ms. Gabriella's sister, Harmony Korkow.

27. A criminal action was initiated, *People v. Elizabeth Gabriella,* case no. 02M200397 in Larimer County, Colorado. The Honorable John E. Kochenburger (Judge Kochenburger) is the presiding county court judge.

28. In addition, in May 2001, a permanent restraining order was issued by the Larimer County Court against Ms. Gabriella in case no. 02C200376. Thereafter, Ms. Gabriella moved to Texas.

29. Ms. Gabriella contacted the respondent to represent her in the criminal matter. The parties entered into a written fee agreement, a copy of which is attached hereto and incorporated herein as **Exhibit A.** An attorney-client relationship was formed.

30. Ms. Gabriella agreed to pay, pursuant to the fee agreement, a total of $1,000 as legal fees for the respondent's representation. At the time Ms. Gabriella contacted the respondent, he was suspended from the practice of law for failing to pay his registration fees. Ms. Gabriella agreed to pay the registration fee together with any late charges to the Office of Attorney Registration as part of her legal fees.

31. On September 4, 2001, Ms. Gabriella sent a check in the amount of $463.00 to the Colorado Supreme Court Attorney Registration Clerk's Office on behalf of the respondent.

32. On September 21, 2001, Ms. Gabriella sent an additional $327.00 to the Colorado Supreme Court Attorney Registration Clerk's Office. On that same date, the respondent's registration status to practice law became active.

33. Prior to the December 12, 2001 hearing described below, Ms. Gabriella's communications with the respondent were by telephone. Ms. Gabriella personally met with the respondent for the first time on December 12, 2001.

34. Ms. Gabriella's criminal matter had been originally scheduled for trial commencing October 15, 2001. On October 9, 2001, the respondent filed a handwritten witness list of the witnesses he intended to call at the October 15 trial. However, the witness list submitted by the respondent did not identify specific addresses for the witnesses and did not provide the full names of all of the witnesses, as required by the Colorado Rules of Criminal Procedure.

35. On October 11, 2001, the respondent filed a typewritten discovery demand, motion in limine and notice of Ms. Gabriella's intent to use arresting officer's statement pursuant to C.R.E. § 803(24). On that same date, the respondent filed a motion for continuance, stating that the respondent had not practiced law for over one year and had been recently retained by Ms. Gabriella. The court granted the motion and the matter was set for December 12, 2001.

36. The respondent failed to notify Ms. Gabriella of the new hearing date and that the October trial was vacated. She traveled to Colorado to attend the October 15, 2001 hearing, only to discover that the matter had been continued. Ms. Gabriella incurred travel expenses to attend the hearing.

37. On November 26, 2001, Ms. Gabriella sent an electronic transmission to the respondent that asked if the respondent had subpoenaed a certain witness and obtained the police call tape; and that asked if the respondent planned on attending a pre-trial conference with the district attorney's office.

38. In response to Ms. Gabriella's e-mail, on December 8, 2001 the respondent sent an electronic transmission to Ms. Gabriella, that

is attached hereto and incorporated herein as **Exhibit B,** requesting additional money and outlining the various defenses and the fees for such defenses. The e-mail used vulgar language.

39. On December 12, 2001, the day the trial was scheduled, the respondent filed a motion to suppress Ms. Gabriella's statement as obtained in violation of *Miranda* and in violation of the prior common law voluntariness doctrine.

40. Prior to the trial scheduled on December 12, 2001, the respondent was in the lobby of the courthouse where he was meeting with Ms. Gabriella and her mother. The respondent then went to file the suppression motion described above and when he returned, Ms. Gabriella was talking to Misty Narum (Ms. Narum), a witness listed by the district attorney's office. Everyone was still standing in the lobby of the courthouse.

41. The respondent walked up to the people in the lobby and asked who Ms. Narum was. Once Ms. Narum was identified, the respondent then confronted Ms. Narum and accused her, in a very loud voice, of drinking and being drunk. According to the respondent, he was loud because he wanted witnesses.

42. Thereafter, a deputy sheriff began walking toward the respondent who then left the courthouse.

43. Subsequently, Judge Kochenburger called Ms. Gabriella's criminal matter. The respondent was not present in the courtroom or the courthouse when the case was called. Judge Kochenburger continued the trial.

44. After the trial was continued, Ms. Gabriella attempted to reach a resolution of her legal matter directly with the district attorney's office but was unable to do so because the respondent failed to formally withdraw from the matter and remained the attorney of record for approximately two months. Subsequently, the complainant retained new counsel, Rusty Nichols.

45. The respondent did not file a motion to withdraw from his representation of Ms.

Gabriella until February 2002. The motion was granted.

46. Ms. Gabriella asked the respondent for her file and the fees she paid. The respondent failed to return his client's papers and failed to return any portion of his unearned fee.

47. When the respondent was retained, he also agreed to represent Ms. Gabriella in a slander lawsuit against her sister. According to Ms. Gabriella, she had a dispute with her sister concerning the sister's rental of Ms. Gabriella's house after she moved to Texas. Ms. Gabriella claims that her sister stole furniture from her and engaged in "slander" by telling family members that Ms. Gabriella was incarcerated.

48. The respondent advised Ms. Gabriella he did not know how realistic a "slander" lawsuit would be. Nevertheless, he agreed to file a civil suit, and his fee agreement states that he agrees to represent Ms. Gabriella in a "defamation" case.

49. No "defamation" case was filed on behalf of Ms. Gabriella.

### CLAIM I

**(A Lawyer Shall Act With Reasonable Diligence And Promptness In Representing A Client And Shall Not Neglect A Legal Matter Entrusted To That Lawyer—Colo. RPC 1.3)**

50. Paragraphs 1 through 25 are incorporated herein as if fully set forth.

51. Colo. RPC 1.3 provides that a lawyer shall act with reasonable diligence and promptness in representing a client, and that a lawyer shall not neglect a legal matter entrusted to that lawyer.

52. The respondent failed to act with reasonable diligence and promptness and neglected both of Ms. Gabriella's legal matters in each of the following respects:

a. by failing to attend her trial in the criminal matter on December 12, 2001;

b. by failing to investigate her "slander" case;

c. by failing to file a civil lawsuit against Ms. Gabriella's sister for slander;

Each of these failures by the respondent constitutes a separate incident of lack of diligence and promptness, and/or neglect, as do all of them together.

53. The respondent's lack of diligence and promptness, and/or neglect caused injury or potential injury to the client.

54. The foregoing conduct of the respondent establishes grounds for discipline as provided in C.R.C.P. 251.5, and also violates Colo. RPC 1.3.

WHEREFORE, the complainant prays at the conclusion hereof.

## I. CLAIM II

**(A Lawyer Shall Keep A Client Reasonably Informed About The Status Of A Matter, Promptly Comply With Reasonable Requests For Information, And Explain A Matter To The Extent Reasonably Necessary To Permit The Client To Make Informed Decisions Regarding The Representation—Colo. RPC 1.4(a))**

55. Paragraphs 1 through 25 are incorporated herein as if fully set forth.

56. Colo. RPC 1.4(a) provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

57. The respondent failed to keep Ms. Gabriella reasonably informed about the status of her criminal legal matter by failing to advise her of the vacated October 2001 hearing date and by failing to reasonably communicate with her prior to and after the respondent failed to appear at the December 12, 2001 trial date.

Each of these failures to communicate adequately with the client constitutes a separate violation of Colo. RPC 1.4(a) as do all of them together.

58. The respondent knew or should have known that he failed to communicate adequately with his client.

59. The respondent's failure to communicate with his client caused injury or potential injury to the client.

60. The foregoing conduct of the respondent establishes grounds for discipline as provided in C.R.C.P. 251.5, and violates Colo. RPC 1.4(a).

WHEREFORE, the complainant prays at the conclusion hereof.

## II. CLAIM III

**[Upon Termination, A Lawyer Shall Take Steps To Protect A Client's Interest And Surrender Papers And Property To The Client—Colo. RPC 1.16(d) ]**

61. Paragraphs 1 through 25 are incorporated herein as if fully set forth.

62. Colo. RPC 1.16(d) requires that upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interest in surrendering papers and property to which the client is entitled.

63. The respondent effectively terminated the attorney-client relationship when he failed to appear at the December 12, 2001 trial on Ms. Gabriella's criminal matter. The respondent did not formally terminate the relationship until February 2002, despite the fact that Ms. Gabriella discharged the respondent's services before that date.

64. The respondent knew or should have known that he was failing to protect the client's interest by not communicating with her after he failed to appear at the December 12, 2001 trial and by waiting two months to file a motion to withdraw after the December 12, 2001 trial date.

65. According to Rusty Nichols, Ms. Gabriella's current lawyer, the hours the respondent claims he spent on Ms. Gabriella's "docile character" defense was a waste of time, and the respondent's estimate of time involving discovery issues was "excessive."

66. Furthermore, by failing to appear at the December 12, 2001 trial in Ms. Gabriella's criminal matter, he did not earn the fees he had been paid. The respondent knew or should have known that he was failing to protect his client's interests by not returning the unearned fees.

67. The respondent failed to return client papers and failed to return any portion of the unearned fee.

68. The foregoing conduct of respondent in failing to take steps reasonably necessary to protect the client's interest and returning papers and property of the client establishes grounds for discipline as provided for in C.R.C.P. 251.5 and also violates Colo. RPC 1.16(d).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM IV

[A Lawyer Shall Not Engage In Conduct Involving Dishonesty, Fraud, Deceit Or Misrepresentation (Knowing Conversion)—Colo. RPC 8.4(c) ]

69. Paragraphs 1 through 25 are incorporated herein.

70. Colo. RPC 8.4(c) provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

71. The respondent agreed to provide services, including services relating to her criminal case, to Ms. Gabriella for a flat fee of $1,000. *See* **Exhibit A.**

72. Nothing the respondent did while he represented Ms. Gabriella assisted Rusty Nichols, Ms. Gabriella's current lawyer, in preparing Ms. Gabriella's defense in the criminal case.

73. By failing to appear at the December 12, 2001 trial in Ms. Gabriella's criminal matter, the respondent did not earn the fees ($790) he had been paid and did not complete the services for which he had been hired.

74. By failing to return the $790 Ms. Gabriella had paid to the respondent when he had not earned such fees because he did not complete the services, the respondent exercised dominion or ownership over such funds held for Ms. Gabriella's benefit.

75. The respondent knew that he was keeping the $790 of funds he had not earned, knowing that such funds should be returned to his client because he had not earned them and knowing that keeping such funds was not authorized.

76. The respondent did not have permission from the client to use her funds for his personal purposes.

77. Through the unauthorized exercise of dominion or ownership these funds, the respondent knowingly converted or misappropriated such client funds.

78. Through his conversion or misappropriation of client funds, the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation.

79. The foregoing conduct of the respondent establishes grounds for discipline as provided for in C.R.C.P. 251.5 and violates Colo. RPC 8.4(c).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM V

[A lawyer's fee shall be reasonable—Colo. RPC 1.5(a) ]

80. Paragraphs 1 through 25 are incorporated herein.

81. Colo. RPC 1.5(a) provides a lawyer's fee shall be reasonable. The rule lists the factors in determining the reasonableness of the fee.

82. In his December 8, 2001 electronic transmission four days before the scheduled December 12, 2001 trial, the respondent demanded $4,465.00 to prepare for Ms. Gabriella's case, even though he agreed in his fee agreement (**Exhibit A**) that he would charge no more than $1,000.00.

83. The foregoing conduct of the respondent establishes grounds for discipline as provided for in C.R.C.P. 251.5 and violates Colo. RPC 1.5(a).

WHEREFORE, the complainant prays at the conclusion hereof.

## CLAIM VI

[A lawyer shall not practice law in a jurisdiction where doing so violates the regulations of the legal profession in that jurisdiction—Colo. RPC 5.5(a) ]

84. Paragraphs 1 through 25 are incorporated herein.

85. Colo. RPC 5.5(a) provides that a lawyer shall not practice law in a jurisdiction where doing so violates the regulations of the legal profession in that jurisdiction.

86. At the time Ms. Gabriella discussed her criminal matter with the respondent and engaged him to represent her, the respondent was under suspension from the practice of law for failing to pay his Attorney Registration fees. The respondent knew that he was under administrative suspension when he entered into this new attorney-client relationship because he told Ms. Gabriella and they agreed that she would pay his registration fees as part of her legal fees.

87. The respondent provided legal advice and discussed Ms. Gabriella's legal matter by telephone prior to the respondent's reinstatement to the practice of law on September 21, 2001.

88. The foregoing conduct of the respondent establishes grounds for discipline as provide for in C.R.P.C. 251.5 and violates Colo. RPC 5.5(a).

WHEREFORE, the complainant prays at the conclusion hereof.

### CLAIM VII

**[Engaging In Any Other Conduct That Adversely Reflects On The Fitness To Practice Law—Colo. RPC 8.4(h) ]**

89. Paragraphs 1 through 25 are incorporated herein.

90. Colo. RPC 8.4(h) provides it is professional misconduct for a lawyer to engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.

91. By making inappropriate, offensive and harassing statements to Ms. Gabriella in his December 8, 2001 electronic transmission to her, the respondent engaged in behavior that adversely reflected on his fitness to practice law. *See, People v. Brenner,* 852 P.2d 456 (Colo.1993).

92. The foregoing conduct of the respondent establishes grounds for discipline as provide for in C.R.P.C. 251.5 and violates Colo. RPC 8.4(h).

WHEREFORE, the people pray that the respondent be found to have engaged in misconduct under C.R.C.P. 251.5 and the Colorado Rules of Professional Conduct as specified above; that the respondent be appropriately disciplined for such misconduct; that the respondent be required to refund fees to the client, and/or the client protection fund pursuant to C.R.C.P. 252.14(b), that the respondent be required to take any other remedial action appropriate under the circumstances; and that the respondent be assessed the costs of this proceeding.